**UNITED STATES of America**

**v.**

**Tarireef WHITE, Appellant.**

**Nos. 08–2541, 08–2542.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 13, 2009.

Opinion filed: July 6, 2009.

John C. Snyder, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Tarireef White, Fairton, NJ, pro se.

Before: AMBRO and ROTH, Circuit Judges, FISCHER *, District Judge.

## OPINION

AMBRO, Circuit Judge.

Tarireef White challenges his conviction for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He alleges that his trial counsel was ineffective and claims that the evidence presented against him was inadmissible. Because we conclude that White's ineffective assistance claim should be reviewed in a collateral proceeding and hold that the evidence against him was admissible, we affirm his conviction.

### I.

At approximately 3:10 a.m. on August 28, 2007, patrol officers in Wilmington, Delaware, received an emergency call from a woman claiming to have been threatened by two men with guns, one of whom was riding a bicycle. Responding to the call, the officers noticed White riding a bicycle away from the scene of the alleged crime.

Although White's clothing differed from the description provided in the emergency call, the officers followed him in their vehicle for several blocks. During this pursuit, the officers noticed that White repeatedly looked over his shoulder at them and placed his hand at his waistband "as if he was gripping something."

Concerned that White might have a gun, the officers maneuvered their car in front of him and ordered him to stop. White, who was in the middle of a well-lit parking lot, stumbled from his bike, pulled a handgun from his waistband, and threw the gun across the parking lot. *Id.* at 81. He then pedaled away on his bicycle.

Retrieving the gun that White discarded, the officers radioed to all units, alerting them to what had happened and describing White's clothing and direction of travel. Shortly thereafter, other officers apprehended White.

The Grand Jury for the District of Delaware charged White with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court appointed a federal public defense counsel to represent White and scheduled a trial.

White and his counsel initially agreed to file a motion to suppress the gun. "[U]pon further review of [White's] case and the facts alleged in the police reports," however, White's counsel decided that she "d[id] not have a basis upon which to file a motion to suppress the seizure of the gun." Exhibit A, White's Br., at 1. In particular, she explained to White that

since you were not subject to the application of any physical force by the police and you did not yield to the officer's show of authority by stopping when the officer ordered you to stop, you were not considered 'seized' at the time you discarded the gun. Since you discarded the gun before you were in police custody, the gun is considered abandoned and cannot be suppressed. . . . Even though the officers may not have [had] the right

---

* Honorable Nora Barry Fischer, United States District Judge for the Western District of Pennsylvania, sitting by designation.

to stop you because you did not fit the description from the radio call of the person with the gun, because the gun was abandoned, we have no legal grounds upon which to ask the Court to suppress the evidence.

*Id.*

Responding to his counsel's refusal to file a suppression motion, White wrote to the District Court seeking new counsel. He complained that his counsel "refused to file motions on his behalf, had not provided him with an investigator, did not communicate with him, and had 'shown no effort to help [him] with legal matters.'" When White reversed course and decided to keep his counsel, the Court dismissed his request as moot.

The case went to trial, and White was convicted of the unlawful possession charge. The Court sentenced him to 60 months' imprisonment for that crime, and a consecutive sentence of 24 months' imprisonment for violation of his previous term of supervised release. He appeals.[1]

## II.

White argues that we should vacate his conviction because (1) his trial counsel was ineffective, and (2) the police unlawfully seized the gun presented as evidence against him at trial.

We take no position on White's claim that his trial counsel rendered ineffective assistance by failing to "investigate[ ] the case objectively" or to seek suppression of the gun. White's Op. Br. at 5. "This Court generally does not review Sixth Amend-

ment ineffective assistance of counsel claims on direct appeal," *United States v. Olfano,* 503 F.3d 240, 246 (3d Cir.2007), and the record here is insufficient for us to determine that issue. *See United States v. Thornton,* 327 F.3d 268, 272 (3d Cir.2003).

As to what is appropriate for review, White asserts that evidence of the gun he discarded was inadmissible because the police obtained it by means of an unlawful seizure. *See* White's Op. Br. at 8 (citing *United States v. Coggins,* 986 F.2d 651, 654 (3d Cir.1993)). He claims that he was seized when he stopped his bike to submit to the police officers' show of authority, and he alleges that his seizure was based illegally on an anonymous tip lacking an indicium of reliability. *See id.* at 8–25 (citing *California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *Florida v. J.L.,* 529 U.S. 266, 274, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000)). As noted above, White raises this claim for the first time on appeal, having, through counsel, opted not to move in the District Court to suppress the gun.

Normally, a defendant's failure to present a motion to suppress to the District Court waives the issue on appeal. As we explained in *United States v. Rose,* 538 F.3d 175, 177 (3d Cir.2008), "suppression issues raised for the first time on appeal are waived absent good cause under Rule of Criminal Procedure 12." As we do not determine on the current record whether White has established "good cause" through his ineffective assistance claim, however, we will address the merits of his argument.[2]

---

**1.** We have jurisdiction over the appeal under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.

**2.** In *Rose,* we stated that "[w]here a defendant argues 'cause' for the first time on appeal, and the proper disposition is not clear to us, we could remand the case for an eviden-

tiary hearing." 538 F.3d at 184. This course is optional, and it does not stop us from addressing the merits of White's claim on the record he presents.

In *Hodari D.*, the Supreme Court held that a seizure "requires *either* physical force . . . or, where that is absent, *submission* to the assertion of authority." 499 U.S. at 626, 111 S.Ct. 1547 (emphases in original). The application of "physical force" requires the "touching . . . of the body of the accused" or the "laying on of hands." *Id.* at 624–25, 111 S.Ct. 1547. Submission requires that a suspect comply with police orders. *See id.* at 626–29, 111 S.Ct. 1547.

White did not submit to the police order to stop when he stumbled from his bicycle, threw his gun, and pedaled away. *See Hodari D.*, 499 U.S. at 622–26, 111 S.Ct. 1547. Even if he did pause when he heard the order, he did not satisfy the submission element of the seizure test, because pausing "for a few moments" is not "submit[ting] in any realistic sense to [a] show of authority." *United States v. Valentine*, 232 F.3d 350, 359 (3d Cir.2000). Thus, White was not seized for purposes of the Fourth Amendment, and the gun he discarded was admissible as evidence against him. *See Hodari D.*, 499 U.S. at 629, 111 S.Ct. 1547.

\*   \*   \*   \*   \*   \*

We affirm the judgment of conviction without prejudice to White's ability to press his ineffective assistance of counsel claim in an appropriate collateral proceeding.