

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# USA v. Rose

Precedential or Non-Precedential: Precedential

Docket No. 05-5199

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Rose" (2008). *2008 Decisions.* Paper 604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5199

_____

UNITED STATES OF AMERICA

v.

LARKEN ROSE,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00101-1)
District Judge: Honorable Michael M. Baylson

_____

Argued September 27, 2007

Before: AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed    August 5, 2008 )

Peter Goldberger, Esquire (Argued)
Pamela A. Wilk, Esquire
50 Rittenhouse Place
Ardmore, PA   19003-2276

      Counsel for Appellant

Patrick L. Meehan
  United States Attorney
Robert A. Zauzmer
  Assistant United States Attorney
  Chief of Appeals
Floyd J. Miller
  Assistant United States Attorney
Peter D. Hardy (Argued)
  Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA   19106

      Counsel for Appellee

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

This case raises a procedural issue that has nagged our

Court for decades and for which we have unwittingly given conflicting answers: whether a criminal defendant who failed to raise a reason to suppress evidence before the District Court may raise the reason on appeal. We conclude that he cannot absent good cause: such a suppression issue is waived under Federal Rule of Criminal Procedure 12, which trumps Rule 52(b)'s plain error standard in the context of motions to suppress. For this reason and others, we affirm the conviction of Larken Rose for five counts of failure to file personal income tax returns.

## I.  Background

Rose failed to file federal income tax returns for tax years 1998 through 2002, despite having received compensation during those years for services relating to his medical transcription business. In February 2005 a grand jury charged Rose with willful failure to file tax returns in violation of 26 U.S.C. § 7203.[1]

Before the District Court, Rose, proceeding *pro se*, moved to suppress physical evidence seized in a search of his home. He advanced four arguments. First, he argued the search was "neither reasonable nor necessary because all pertinent information was already in the government's possession" and because the affidavit on which the search was based "did not

---

[1] The grand jury also charged Rose's wife, Tessa David Rose. She stood trial separately and is not a party to this appeal.

even *suggest* the existence of any additional evidence." (Emphasis in original.) Second, Rose contended the warrant was "so overly broad as to make it indistinguishable from the 'general warrants' prohibited by the Fourth Amendment," as it sought "to seize numerous items which could not possibly be related to any crime, as well as many items that constitute articles of protected speech [*i.e.*, items containing anti-tax expression]." Third, he claimed that the search was motivated by a "desire to retaliate against" him for "exercising [his] First Amendment rights." He concluded by stating that "[t]he government's seizure of various articles of protected speech was unquestionably contrary to established law."

In May 2005, the District Court held a suppression hearing and denied the motion to suppress. A five-day jury trial followed, resulting in conviction on all five counts notwithstanding Rose's defense that he believed in good faith that 26 U.S.C. § 861 rendered his income nontaxable. In November 2005, the District Court imposed a sentence of 15 months' imprisonment, one year's supervised release, and a $10,000 fine. Rose timely appealed.[2]

He challenges before us the District Court's denial of his motion to suppress, arguing that the warrant violated the

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

4

particularity requirement of the Fourth Amendment. In support of this theory, Rose reasons that (a) the warrant was defective on its face for failing either to identify the items permitted to be searched for and seized or to incorporate expressly a document that did so, and also that the list of seizable items did not accompany the warrant; and (b) because the warrant did not refer to particular offenses (specifically, it did not indicate for which of the offenses listed in the affidavit the magistrate found probable cause), it authorized a general search in violation of the First and Fourth Amendments.[3]

---

[3] Rose also argues that the District Court denied him a fair trial and that the prosecutor committed reversible error. We have considered these arguments, and conclude that they lack sufficient merit to require our addressing them in depth. As to the fair trial argument, we are satisfied that submission to the jury of allegedly inflammatory e-mail evidence was not plain error or an abuse of discretion, that the District Court did not err in excluding documentary, videotape, and testimonial evidence that Rose sought to introduce, and that the Court did not abuse its discretion in instructing the jury as to our decision in *United States v. Bell*, 414 F.3d 474 (3d Cir. 2005) (rejecting tax-evasive argument based on 26 U.S.C. § 861). As to prosecutorial misconduct, because Rose did not object before the District Court, we review for plain error, and the prosecutor's comments fall well short of "egregious error or a manifest miscarriage of justice." *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996) (internal quotation marks omitted).

## II.    Rose's Suppression Arguments Are Waived

All of the suppression issues that Rose raises on appeal are new; he did not raise them before the District Court. We disagree with the contention that Rose raised before the District Court the argument that the warrant, because it did not indicate for which of the offenses listed in the affidavit the magistrate found probable cause, authorized a general search in violation of the First and Fourth Amendments. Rose did not argue this to that Court. Instead, he argued that the warrant permitted a search for various items of evidence that could not be related to any crime, that were protected by the First Amendment, and that contained information of which the Government was already aware. Only now does Rose focus on the relationship between the warrant and the affidavit's list of offenses, asking whether the former specifically refers to any part of the latter.

In our Court, suppression issues raised for the first time on appeal are waived absent good cause under Rule of Criminal Procedure 12. *See United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005); *United States v. Martinez-Hidalgo*, 993 F.2d 1052, 1057–58 (3d Cir. 1993); *United States v. Velasquez*, 885 F.2d 1076, 1084 n.6 (3d Cir. 1989); *United States v. Frank*, 864 F.2d 992, 1006 (3d Cir. 1988). Although a few of our opinions have inadvertently applied plain error review under Rule of Criminal Procedure 52(b), *see United States v. Loy*, 191 F.3d 360, 369 n.6 (3d Cir. 1999); *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998); *United States v. Martinez-Zayas*, 857

6

F.2d 122, 134 (3d Cir. 1988), for the reasons stated below, we do not find these cases to be controlling.  Further, the Criminal Rules' text, their history, and pertinent policy considerations direct a waiver approach.  Thus, a suppression issue not raised in the District Court is waived absent good cause, and we accordingly affirm.

## A.    The Rules' Text and History[4]

The text of Rule 52(b) has remained substantially unchanged since the initial version of the Criminal Rules.  *See* Fed. R. Crim. P. 52 advisory committee's notes; *United States v. Olano*, 507 U.S. 725, 731 (1993).  Following a stylistic change in 2002, *see* Fed. R. Crim. P. 52 advisory committee note to 2002 amendment, the current version provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

Rule 12, by contrast, states that where a motion to suppress evidence is concerned, the motion "must be raised before trial."  Fed. R. Crim. P. 12(b)(3)(C).  Section (c) of the Rule permits the district court to "set a deadline for the parties to make" such a motion, and section (e) provides that a "party *waives* any Rule 12(b)(3) [which includes motions to suppress]

---

[4] For a helpful review of the Rules' pre-1997 text and history, see *United States v. Chavez-Valencia*, 116 F.3d 127, 130–31 (5th Cir. 1997).

defense, objection, or request not raised by the deadline the court sets" (emphasis added), though "[f]or good cause, the court may grant relief from the waiver."

Rule 12's history is considerably more complex than Rule 52(b)'s. Suppression motions were previously covered by Rule 41(e), which provided that "[a] person aggrieved by an unlawful search and seizure may move the district court . . . to suppress [unlawfully obtained evidence]," and that "[t]he motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." Though Criminal Procedure Rule 41(e) at the outset required a defendant to raise suppression motions before trial or hearing absent cause or permission from the district court, it did not specify the consequences should the defendant fail to do so. The consequence, we presume, would have been forfeiture, not waiver; whereas the intentional relinquishment or abandonment of a known right is typically a waiver, an unintentional failure to assert timely a right is a forfeiture that results in plain error review. *See Olano*, 507 U.S. at 733–34; *Chavez-Valencia*, 116 F.3d at 130.

When the provisions governing suppression issues moved to Rules 41(f) and 12 in 1972, they arguably no longer required that motions to suppress be raised before trial. *See Chavez-Valencia*, 116 F.3d at 130. Rule 41(f) read that "[a] motion to

8

suppress evidence may be made in the court of the district of trial as provided in Rule 12." Rule 12, in turn, stated that "[a]ny defense or objection which is capable of determination without the trial of the general issue *may* be raised before the trial by motion." Fed. R. Crim. P. 12(b)(1) (emphasis added). Although subsection (b)(2) of Rule 12 listed some defenses and objections that "*must*" be raised before trial or else be "waive[d]," suppression motions were not among them. Only defenses and objections based on "defects in the institution of the prosecution or in the indictment or information" were listed in that subsection.

All of this changed in 1974, when the Rules were amended explicitly to *require*—this time with threat of waiver—that motions to suppress be raised prior to trial. Rule 12(b) was amended to state that "[m]otions to suppress evidence" "*must* be raised prior to trial" (emphasis added), and section (f) of the amended Rule explicitly stated that

> [f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

The advisory committee notes to the 1974 amendment to Rule

9

12 confirmed that "[s]ubdivision (b) is changed to provide for some additional motions and requests which must be made prior to trial," and specifically that "[s]ubdivision (b)(3) makes clear that objections to evidence on the ground that it was illegally obtained must be raised prior to trial." Fed. R. Crim. P. 12 advisory committee's note to 1974 amendment.

Subsequent minor changes notwithstanding, the 1974 amendments resulted in the treatment of suppression motions in Rule 12 that exists today. The waiver provision of section (f) was moved to section (e) in 2002, and its text was revised, but in making the change "the [Advisory] Committee intend[ed] to make no change in the . . . law regarding waivers of motions or defenses." Fed. R. Crim. P. 12 advisory committee's note to 2002 amendments.

## B.    Our Court's Decisions

Our Court has never explicitly acknowledged the tension between Rule 12's waiver provision and Rule 52(b)'s plain error provision where suppression issues raised for the first time on appeal are concerned. In one line of cases we have applied waiver and in another we have applied plain error, yet no case in either line refers to any case in the other line during its discussion of the suppression issue, nor to the Rule that arguably presents a different standard.

Our waiver cases began with *Frank*, where we invoked

10

Rule 12(b)(3) to hold that the defendant waived his argument that, *inter alia*, the warrant did not issue in compliance with Federal Rule of Criminal Procedure 41(a) because he did not raise the issue to the district court. 864 F.2d at 1006. Then, in *Velasquez* we held that because the defendant did not raise to the district court her argument that her confession was involuntary, we "d[id] not reach the confession issue." 885 F.2d at 1084 n.6. And in *Martinez-Hidalgo*, where the defendant never filed a motion to suppress in the district court, we held that he "waived" his argument of unreasonable seizure on appeal, 993 F.2d at 1057–58 (citing *Frank*, 864 F.2d at 1006), even though the Government suggested that we review the argument for plain error, *see* Brief for the Appellee, *Martinez-Hidalgo*, 993 F.2d 1052 (No. 92-7574), 1993 WL 13121408 (unnumbered page at beginning).[5]

We most fully explained the propriety of a waiver approach in *Lockett*, 406 F.3d at 212. We held that the defendant waived his argument on appeal that his consent to a certain search was limited, as that argument before the district court addressed a different issue. *Id.*[6] In doing so, we noted that

---

[5] In another portion of its brief, the Government did suggest the issue was waived. Brief for the Appellee, *supra*, at 18, 1993 WL 13121408, at *18.

[6] Neither party in *Lockett* raised in its briefing the possibility of plain error review. The Government argued that the

11

"[i]t is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *Id.* We reasoned that "Federal Rule of Criminal Procedure 12(b)(3) requires a defendant to file a suppression motion prior to trial, and Rule 12(f) provides that failure to do so constitutes a waiver." *Id.* It followed from this Rule, we reasoned, that, "in the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely upon in this Court"—in other words, a "'litigant cannot jump from theory to theory like a bee buzzing from flower to flower.'" *Id.* (quoting *United States v. Torres*, 162 F.3d 6, 11 (1st Cir. 1998)). Thus we concluded that the defendant's limited-consent argument was waived. *Id.*

By contrast, we have occasionally applied plain error review to suppression issues raised for the first time on appeal. In none of these cases, however, did a party suggest in briefing that we hold the issues to be waived. In *Martinez-Zayas*, we

defendant had not raised the issue before the district court and therefore waived it, Brief for Appellee United States of America at 15, 27–30, *Lockett*, 406 F.3d 207 (No. 04-2244), 2004 WL 5040478, at *15, 27–30, while the defendant contended that he had raised the issue before the district court, Reply Brief for Appellant at 2–7, *Lockett*, 406 F.3d 207 (No. 04-2244), 2002 WL 33969221, at *2–7.

considered a defendant's claim, raised for the first time on appeal, that a warrant issued by a nonlawyer and nonjudge bail commissioner was invalid under Federal Rule of Criminal Procedure 41(a). 857 F.2d at 133–34. Though the Government consented to plenary review (mentioning neither plain error review nor Rule 12's waiver provision), *see* Reply Brief for Appellant and Brief for Cross-Appellee at 8, 28–33, *Martinez-Zayas*, 857 F.2d 122 (Nos. 87-1749, 87-1756), we reviewed for plain error, finding none, 857 F.2d at 134, 137.

We applied plain error review again in *Riddick*, this time to a defendant's argument, raised for the first time on appeal, that the warrant contained stale facts and that it failed to list with particularity the items to be seized. 156 F.3d at 509 (citing Fed. R. Crim. P. 52(b)). The Government had asked at most for plain error review, making no mention of waiver or Rule 12. *See* Brief for Appellee/Cross-Appellant at 3, 47, *Riddick*, 156 F.3d 505 (Nos. 97-1367, 97-1433), 1997 WL 33558258, at *3, 47.

Finally, citing *Riddick*, *Martinez-Zayas* and *United States v. Bey*, 736 F.2d 891, 895 (3d Cir. 1984) (applying plain error review to an unpreserved objection to jury instructions), we applied plain error in *Loy* to a defendant's argument that the warrant failed to describe the items to be seized with sufficient particularity, where the defendant had not raised the issue in the district court. *Loy*, 191 F.3d at 369 & n.6. As in *Riddick*, the Government had argued only for plain error review, mentioning neither the concept of waiver nor Rule 12. Brief for the United

13

States at 2, 31–35, *Loy*, 191 F.3d 360 (No. 98-3636).

## C.     Other Jurisdictions' Approaches

In other courts, "the prevailing rule is that the failure to assert a particular ground [for suppression] operates as a waiver of the right to challenge the admissibility of the evidence on that ground."  6 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(a) (4th ed. 2004); *see also Chavez-Valencia*, 116 F.3d at 132 (noting that most courts adhere to the waiver approach).  But courts have not always applied this rule consistently.  Some courts have been willing to review suppression claims for plain error despite a defendant's noncompliance with Rule 12.  In *United States v. Buchanon*, for instance, the Sixth Circuit Court of Appeals characterized Rule 12(f)[7] as a mere "forfeiture" provision despite the Rule's use of the term "waiver," and thus held that a suppression argument forfeited under Rule 12(f) could be reviewed for plain error under Rule 52(b).  72 F.3d 1217, 1227 (6th Cir. 1995).  *But see United States v. Vincent*, 20 F.3d 229, 234 (6th Cir. 1994) (holding that defendant was precluded from raising suppression issue for the first time on appeal).  Similarly, the Eleventh Circuit Court in *United States v. Milian-Rodriguez* concluded that the defendant's failure to raise timely (without good cause) a suppression argument was a waiver under Rule 12(f), but then

---

[7] As discussed previously, the contents of current Rule 12(e) were contained in Rule 12(f) prior to 2002.

went on to review the argument for plain error. 828 F.2d 679, 683–84 (11th Cir. 1987). *But see United States v. Ford*, 34 F.3d 992, 994 & n.2 (11th Cir. 1994) (citing Fed. R. Crim. P. 12(f)) (refusing to hear suppression claims not raised in defendant's pretrial motion).

Other courts, by contrast, have depended for their answer on whether the record is sufficiently developed to permit an accurate resolution of the issue on appeal. In *United States v. Lopez-Lopez*, the First Circuit Court refused to apply plain error review to an argument that was waived under Rule 12, in part because the district court record was "insufficiently developed," due to the defendant's "own failure to raise the issue, to permit reliable appellate review." 282 F.3d 1, 10 (1st Cir. 2002). The Court went on to note as an "open" issue in its Circuit whether an appellate court can review for plain error where the record is sufficiently developed. *Id.* at 10 n.4. Similarly, in *United States v. Hawkins*, 249 F.3d 867, 871–72 (9th Cir. 2001), although the Ninth Circuit Court noted that "failure to raise a particular ground in support of a motion to suppress constitutes a waiver of that challenge," it "recognized an exception to this rule where the issue not raised in the trial court does not affect or rely on the factual record developed by the parties."

Other courts have gone further, holding untimely claims under Rule 12 were completely barred absent good cause, without apparent reliance on whether the record was sufficiently developed. In *United States v. Sobin*, for instance, the D.C.

15

Circuit Court held that the defendant waived his right to seek suppression by waiting (without cause) until after the district court's motion deadline to assert it. 56 F.3d 1423, 1427 (D.C. Cir. 1995); *see also United States v. Hewlett*, 395 F.3d 458, 460–61 (D.C. Cir. 2005) (holding that suppression issue not raised to the district court was waived under Rule 12). Similarly, in *United States v. Neumann* our Eighth Circuit colleagues refused to consider a challenge to a search warrant that was not raised to the district court. 887 F.2d 880, 885–86 (8th Cir. 1989) (*en banc*) (citing Fed. R. Crim. P. 12). The Tenth Circuit Court likewise refused to consider a defendant's suppression argument that his detention and the search of his car were unconstitutional because he raised the argument for the first time on appeal. *United States v. Dirden*, 38 F.3d 1131, 1139 n.10 (10th Cir. 1994) (citing Fed. R. Crim. P. 12(b)(3), (f)). *But see United States v. Dewitt*, 946 F.2d 1497, 1502 (10th Cir. 1991) (holding that suppression issue was waived under Rule 12, but then noting that the Court did "not find plain error in the district court's admission of the evidence"). The Second Circuit Court followed the waiver route in *United States v. Yousef*, where it found "complete waiver of a suppression argument that was made in an untimely fashion" to be without cause. 327 F.3d 56, 125 (2d Cir. 2003).

In a particularly detailed treatment of this issue, *Chavez-Valencia* in the Fifth Circuit joined those courts employing a waiver approach. 116 F.3d at 129–33. After providing a history of the Rules' text similar to the one we provided above, the

Court noted that

> under the current Rule 12, motions to suppress are now given identical treatment as motions based on defects in the institution of the prosecution and motions based on defects in the indictment. As noted above, these two claims historically have been foreclosed on appeal if not first raised in the district court. It therefore seems to us that the intent of the drafters to give the term "waiver" its ordinary meaning as it applies to motions to suppress is [clear].

*Id.* at 131.

After reconciling this textual reading with Fifth Circuit precedent, *Chavez-Valencia* examined various policy considerations that support a waiver approach. It noted that because the exclusionary rule is "not devised so much [as] a personal right of the defendant, but, instead, as an incentive to protect the public against an over-aggressive police force," the Supreme Court has "refused to apply the exclusionary rule for Fourth Amendment violations where the costs of its implementation outweigh[] the benefit gained by deterrence of future violations." *Id.* (citing *United States v. Leon*, 468 U.S. 897 (1984)). It therefore examined the costs and benefits of allowing a criminal defendant to raise a suppression issue on appeal notwithstanding noncompliance with Rule 12. In doing

17

so, it noted that "allowing appellate review of suppression claims not raised in the district court inflicts a significant cost on the criminal justice process." *Id.* at 131–32. Specifically, if the Government has no reason to believe the defendant will seek to suppress certain evidence, it may see no need to produce the quality or quantity of evidence otherwise needed to prevail. *Id.* at 132. Further, the Government will be forced on appeal to rely on an underdeveloped record in defending itself from the suppression argument. *Id.* And allowing a defendant to raise a suppression motion after jeopardy has attached (*i.e.*, after the jury has been sworn) robs the Government of its ability to appeal an adverse ruling on the suppression issue. *Id.*; *see also* 18 U.S.C. § 3731.

*Chavez-Valencia* found little benefit to allowing a defendant to raise an untimely suppression issue on appeal. Specifically, this would not deter much (if any) police misconduct. It noted that, to find an effect on police misconduct, "'we would have to imagine a policeman tempted to make an unconstitutional search or seizure pausing to think and then being dissuaded by the consideration that the prospective defendant, if he is so unlucky as to have a lawyer who commits plain error in failing to file a timely pretrial suppression motion, will have another bite at the apple.'" *Chavez-Valencia*, 116 F.3d at 132 (quoting *United States v. Brown*, 663 F.2d 229, 238 (D.C. Cir. 1981) (*en banc*) (Wiley, J., concurring)). Thus the Court concluded that, in addition to Rule 12's text and history as well as pertinent case law, policy

18

considerations counseled in favor of a waiver approach.

**D.     Analysis**

We agree with *Chavez-Valencia* that under Rule 12 a suppression argument raised for the first time on appeal is waived (*i.e.*, completely barred) absent good cause.  As in *Lockett*, our holding applies not only where the defendant failed to file a suppression motion at all in the district court, but also where he filed one but did not include the issues raised on appeal.  *See* 406 F.3d at 212 (stating that "in the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely upon in this Court").  Because Rose failed without good cause to raise these suppression arguments to the District Court, we do not consider them.

**1.     Rule 12, not Rule 52(b), Controls**

Though each of Rule 52(b) and Rule 12 appears applicable when read alone, when considered together we believe Rule 12's waiver provision must prevail.  The latter is much more specific than is Rule 52(b); while Rule 52(b) states generally that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention," Rule 12(e) singles out motions to suppress, stating that a "party *waives* any [suppression] defense, objection, or request not raised by the [pretrial] deadline the court sets."

19

(Emphasis added.)  In this context, "we apply the well-settled maxim that specific statutory provisions prevail over more general provisions." *Chavarria v. Gonzalez*, 446 F.3d 508, 517 (3d Cir. 2006) (internal quotation marks omitted).  Thus we avoid "applying a general provision when doing so would undermine limitations created by a more specific provision." *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996).

Rose counters that Rule 12's use of the term "waives" is arguably at odds with the Supreme Court's definition of "waiver" in *Olano*—the "intentional relinquishment or abandonment of a right."  *Olano*, 507 U.S. at 733.  Per this argument, failure to comply with Rule 12 could be seen as more akin to a forfeiture—an inadvertent "failure to make the timely assertion of a right"—that would result in plain error review rather than a waiver.  *Id.*  Rule 12's history, however, indicates that its text means what it says.  As previously noted, in 1974 the Rules were changed to require—with an explicit threat of waiver—that motions to suppress be raised prior to trial in accordance with the district court's desired timetable.  In 2002, well after *Olano*, the waiver provision of section (f) was moved to section (e) and its text was revised, but the Advisory Committee kept the term "waiver" in place.  *See* Fed. R. Crim. P. 12 advisory committee's note to 2002 amendments.  Had the drafters thought that term outdated in light of *Olano* or other precedent, they could have changed the term to "forfeiture," but they did not.

20

Moreover, we join the Fifth Circuit's conclusion in *Chavez-Valencia* that policy considerations support a waiver approach. *See* 116 F.3d at 131–32. Allowing a defendant to raise a suppression issue for the first time on appeal absent good cause carries substantial costs that are not outweighed by any attendant benefits. If a defendant has not raised a suppression issue before the district court, the Government (under an assumption that its proffered evidence was admissible) may plausibly conclude during trial that it does not need to accumulate and introduce additional evidence to prevail. *Id.* at 132. Moreover, on appeal the Government has lost its chance to introduce valuable evidence in opposition to the suppression motion. *See id.*[8] And we agree with the *Chavez-Valencia* Court that a choice of plain error review over a waiver approach would do little, if anything, to further the deterrent effect of the exclusionary rule. *See id.* at 132.

The parties spend much time discussing our Court's prior cases, some of which applied plain error review and some of which applied waiver to suppression issues raised for the first time on appeal. This is understandable. We do not think, however, that any of these cases controls the outcome we reach

---

[8] Though we offer this rationale, we think it unwise to excuse a defendant from compliance with Rule 12 even where the court of appeals thinks the record is sufficiently developed. To do so would ignore the specific language of Rule 12, something we do not consider ourselves at liberty to do.

today.  As mentioned at the outset of this opinion, we appear to be the first panel in our Circuit to analyze and resolve explicitly the tension between Rule 52(b) and Rule 12 where suppression motions are concerned, for no case in either line of decisions mentions a case in the other line (or the arguably contrary rule) during its discussion of the suppression issue.

To the extent there is any indication that we silently considered (but did not explicitly discuss) the tension when deciding these prior cases, that indication is that we resolved the tension in favor of waiver.  In *Martinez-Hidalgo* the Government stated in its brief that "[a]s the [suppression] issue was not raised below, the standard of review is plain error," Brief for the Appellee, *Martinez-Hidalgo*, 993 F.2d 1052 (No. 92-7574), 1993 WL 13121408 (unnumbered page at beginning),[9] yet we went further and held the issue to be "waived."  993 F.2d at 1057–58.

As for the cases that applied plain error review, we have little doubt that those applications were inadvertent.  We noted previously that in none of the cases applying plain error review did a party raise the possibility of waiver in its brief.  That our Court did not uncover Rule 12 itself is understandable, given that Rule 52(b) seems applicable on its face and does not refer

---

[9] To be fair, we reiterate that, in another portion of its brief, the Government suggested the issue was waived.  Brief for the Appellee, *supra*, at 18, 1993 WL 13121408, at *18.

22

the reader to any other portion of the Criminal Rules. But in our view it would be imprudent to compound the error, and we decline to do so.

For all of these reasons, we hold that Rule 12, not Rule 52(b), governs motions to suppress evidence raised for the first time on appeal. As such, those issues are waived absent good cause.

## 2.  Rose Has Not Shown Good Cause

Having concluded that Rose's suppression arguments are untimely under Rule 12, we turn to whether he has demonstrated "good cause" for delaying his arguments until appeal. We believe he has not. Where a defendant argues "cause" for the first time on appeal, and the proper disposition is not clear to us, we could remand the case for an evidentiary hearing. *See United States v. Weathers*, 186 F.3d 948, 958–59 (D.C. Cir. 1999) (remanding case for hearing on whether ineffective assistance of counsel was cause for relief from the defendant's waiver under Rule 12).[10] We see no need for remand here,

_____

[10] We are unpersuaded by Rose's argument that because Rule 12 excuses waiver where the defendant shows "cause"—a factual determination that a court of appeals is ill-suited to make—the Government should not be permitted to invoke Rule 12's waiver provision on appeal. *See* Rose's Reply Br. 12–13 n.11. That argument has no force here, as Rose has presented no

23

however, as Rose has not presented any colorable explanation why he failed to raise these suppression issues to the District Court. *Cf. United States v. Soto*, 132 F.3d 56, 59 (D.C. Cir. 1997) (remand of ineffectiveness claim is unnecessary where the proper result is clear). Though Rose has offered a reason why he did not raise the issues before his suppression hearing, Rose's Reply Br. 15 (arguing that he "could not move to suppress before the hearing on the basis of problems with documents identified at the hearing"), he has offered no explanation, other than that he was proceeding *pro se*, why he did not raise the issues after the hearing but prior to this appeal, *see* Oral Arg. Tr. at 29. In this context, we conclude that Rose has not shown "good cause" for his failure to raise these suppression issues to the District Court.

## III.    Conclusion

Under Federal Rule of Criminal Procedure 12, a federal criminal defendant is barred, absent good cause, from raising a reason to suppress evidence for the first time on appeal. This conclusion finds support in the Criminal Rules' text, their history, our Court's case law, and the policy underlying Rule 12. Rose has offered no good reason why he waited until appeal to raise the suppression issues, and accordingly the issues are waived.

---

colorable claim of "cause" that merits further fact-finding.

24