OPINION
McKEE, Circuit Judge.
Following a jury trial, Oddell Quarn Cannon was convicted of one count of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), and one count of possession of body armor by a person convicted of a violent felony, in violation of 18 U.S.C. § 931. He appeals both convictions as well as the sentence that was imposed for those crimes. For the reasons that follow, we will affirm the judgment of convictions, but remand for resentencing on Count Two of the indictment.
I.
On May 22, 2006, police arrived to the 700 block of East Chestnut Street in Coatesville, Pennsylvania where they found Cannon and another individual lying near each other, both apparently suffering from multiple gun shot wounds. Cannon was approximately 50 yards away from his 1998 Buick, and a handgun and a bag that appeared to contain marijuana were within his reach. It was later discovered that Cannon was wearing body armor.
Detective Martin Quinn, who arrived shortly after Cannon was transported to the hospital, was informed by a state trooper that a friend of Cannon’s had attempted to remove Cannon’s Buick from the scene. Thereafter, Detective Quinn transported the Buick to the Coatesville Police Station where Corporal McEvoy and Detective Pawling of the Coatesville City Police Department obtained a warrant to search the Buick. During the course of the ensuing search, Detective Quinn found a .357 Magnum and fourteen rounds of ammunition in the trunk of the car. Thereafter, on May 31, 2006, a grand jury returned an indictment charging Cannon with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), and one count of possession of body armor by a person convicted of a violent felony, in violation of 18 U.S.C. § 931.
Cannon subsequently moved to suppress the evidence that had been seized from the car. The district court denied that motion after a suppression hearing. The court ruled that although the search warrant was not supported by probable cause, the police acted in good faith reliance on the warrant and the evidence was therefore admissible pursuant to United, States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).[1] Thereafter, a jury *828 convicted Cannon of both counts of the indictment, and he was sentenced to a term of imprisonment of 180 months.
On appeal, Cannon argues that the district court erred by: (1) denying his motion to suppress physical evidence; (2) finding that he was an “armed career criminal” under the Armed Career Criminal Act (“ACCA”), codified at 18 U.S.C. § 924(e); (3) assigning three criminal history points pursuant to U.S.S.G. § 4Al.l(d) and U.S.S.G. § 4Al.l(e); (4) refusing to reduce his sentence for acceptance of responsibility under U.S.S.G. § 3E1.1; and (5) imposing a 60 month sentence on Count Two which has a statutory maximum of 36 months. We will address each of Cannon’s arguments separately.
II.
Cannon first argues that the search was not supported by probable cause, and the good faith exception to the warrant requirement does not apply because “the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.”[2] See Appellant’s Brief at p. 10. We review the district court’s findings of fact at a suppression hearing for clear error, but the court’s application of legal principles to those facts receives plenary review. United States v. Inigo, 925 F.2d 641, 656 (3d Cir.1991); and United States v. Riddick, 156 F.3d 505, 509 (3d Cir.1998).
The existence of probable cause for a search warrant is determined by an examination of the “totality of the circumstances.” Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause exists when the totality of the circumstances suggests “ ‘there is a fair probability that contraband or evidence of a crime will be found in a particular place.’ ” United States v. Hodge, 246 F.3d 301, 305 (3d Cir.2001) (quoting Gates, 462 U.S. at 238, 103 S.Ct. 2317 (1983)).
In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court adopted a “good faith” exception to the warrant requirement of the Fourth Amendment. Following Leon, evidence will not be suppressed merely because it is seized pursuant to an invalid search warrant. Rather, a defendant must show that the warrant was so facially defective that reliance on it was objectively unreasonable. Hodge, 246 F.3d at 307 (quoting United States v. Williams, 3 F.3d 69, 74 (3d Cir.1993)). Accordingly, “[t]he test for whether the good faith exception applies is whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate judge’s authorization.” Id. (citing Leon, 468 U.S. at 922, 104 S.Ct. 3405). Although “[t]he mere existence of a search warrant typically suffices to prove that an officer conducted a search in good faith,” there are certain situations where an officer’s reliance on a search warrant would not be reasonable. These include situations where a warrant is issued: “(1) in reliance on a deliberately or recklessly false affidavit, (2) when the magistrate judge abandoned his judicial role and failed to perform his neutral and detached function, (3) when the warrant was based on an affidavit so lacking in indicia of probable cause *829 as to render official belief in its existence entirely unreasonable, or (4) when the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.” Id. at 308.
Here, the affidavit averred that Cannon was injured after being involved in an apparent “shoot-out.” Cannon was discovered near a handgun, a bag of marijuana, and his Buick. The affiant stated that it was his experience that persons who unlawfully possess firearms and drugs frequently keep drug paraphernalia, ammunition and additional firearms in them cars and residences. Finally, police learned that a friend of Cannon’s attempted to remove Cannon’s Buick from the scene after the shoot-out.[3] The warrant that issued described the property to be searched and the items to be seized. Thus, even assuming arguendo that the warrant was not supported by probable cause, it is abundantly clear that none of the exceptions to Leon apply, and the district court clearly did not err in denying the suppression motion.
III.
Nor did the district court err in finding that Cannon was an “armed career criminal” pursuant to 18 U.S.C. § 924(e).
18 U.S.C. § 924(e)(1) states: “a person who violates section 922(g) ... and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another ... shall be ... imprisoned not less than fifteen years, and ... the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).” See 18 U.S.C. § 924(e)(1). U.S.S.G. § 4B1.4 provides: “A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.” See U.S.S.G. § 4B1.4(a). Cannon was convicted of violating 18 U.S.C. § 922(g). Accordingly, the district court determined that Cannon had violated the “armed career criminal” provision of 18 U.S.C. § 924(e)(1) and therefore imposed a sentence pursuant to U.S.S.G. § 4B1.4(b)(3).
According to the Pre-Sentence Report (“PSR”), Cannon has three prior convictions for serious drug offenses or violent felonies. At sentencing, Cannon expressed his disagreement with being classified as an “armed career criminal.” A.R. 479-A. However, his attorney expressly stated that the PSR did not contain any factual inaccuracies. A.R. 480-A.[4]
Now, for the first time on appeal, Cannon claims that the PSR inaccurately represents his criminal history and therefore the district court erred in classifying him as an “armed career criminal.” Specifically, Cannon argues that because his numerous drug convictions were included in the same charging document, they do not qualify as having been “committed on occasions different from one another.” See U.S.S.G. § 4B1.4(b)(3). Cannon also contends that *830 one of his prior convictions for assault was actually a charge for simple assault which is not a “violent felony” under the ACCA.
Cannon has waived these objections to the accuracy of the PSR by not raising them at sentencing. See Government of Virgin Islands v. Rosa, 399 F.3d 283, 291 (3d Cir.2005). However, even assuming arguendo that the objections had not been waived, we would nevertheless conclude they are meritless.
The PSR lists numerous offenses comprising what can only be described as an extensive criminal history. In addition to numerous juvenile offenses, in 1997 Cannon pled guilty to two counts of aggravated assault, two counts of delivery of cocaine, and two counts of conspiracy to possess a controlled substance with intent to deliver. It is not disputed that, although these offenses were charged in the same complaint, the criminal conduct underlying those offenses occurred on different dates. Thus, even if one of Cannon’s assault convictions was for simple assault and not aggravated assault, he would still satisfy the requirements for being an Armed Career Criminal under the ACCA based on his three other qualifying convictions — the uncontested aggravated assault conviction and at least two felony drug convictions.
IV.
Cannon’s next two arguments contest the district court’s assignment of three criminal history points pursuant to U.S.S.G. §§ 4Al.l(d), 4Al.l(e), and the district court’s refusal to grant Cannon a downward departure for acceptance of responsibility. However, we need not address these meritless arguments because Cannon was subject to a mandatory minimum sentence of 180 months based on his classification as an “armed career criminal.” Thus, even if the court had committed either or both of the errors Cannon complains of, his sentence would have been the same.
V.
Cannon’s final claim does, however, have merit. He argues that his 60 month sentence of imprisonment on Count II exceeds the statutory maximum of 36 months for that offense, and the government agrees. The error will not effect Cannon’s ultimate sentence as the sentence on Count II was concurrent with the 180 months imprisonment imposed on Count I. However, we will nevertheless remand so that the district court can correct the error by resen-tencing on Count II.[5]
VI.
For the reasons set forth above, we will affirm the judgment of conviction on Counts One and Two, but remand for re-sentencing on Count Two.

. The district court did not stale why it believed the warrant was not supported by *828 probable cause.

. We note, that for the first time on appeal, Cannon also avers that the affidavit in this case was deliberately or recklessly false. However, as Cannon never raised this argument before the district court, and now fails to offer a factual basis for this claim, we decline to address it here. See United States v. Rose, 538 F.3d 175 (3d Cir.2008) (noting that a suppression motion raised for the first time on appeal is waived and completely barred absent good cause).

. Hodge is especially instructive here, noting that direct evidence linking the place to be searched to the crime is not necessary for the issuance of a search warrant. Id. (citing United States v. Conley, 4 F.3d 1200, 1207 (3d Cir.1993)). " ‘Instead, probable cause can be, and often is, inferred by considering the type of crime, the nature of the items sought, the suspects opportunity for concealment, and normal inference about where a criminal might hide the fruits of his crime.' " Id. (citing United States v. Jones, 994 F.2d 1051, 1056 (3d Cir.1993)) (quoting United States v. Jackson, 756 F.2d 703, 705 (9th Cir.1985)).

. At sentencing, Cannon’s attorney argued against the policy of applying the ACCA against his client but expressly agreed to the fact that Cannon was: (1) convicted of violating § 922(g); and (2) has three prior convictions for a serious drug offense. A.R. 485-A.

. Cannon did not object to the sentence on Count II when it was imposed, and, as noted, the government now agrees that it exceeds the statutory maximum. Had defense counsel or the government alerted the court that the sentence imposed on Count II exceeded the statutory maximum at sentencing, the district court could have addressed the problem then.