OPINION OF THE COURT
FUENTES, Circuit Judge:
Appellant Franky Nadal appeals from the District Court’s ruling denying his motion to suppress evidence seized during an investigatory search conducted pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). For the following reasons, we affirm the District Court’s judgment.
I.
The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review a district court’s factual findings for clear error and exercise plenary review over its determination that a Terry stop did not violate the Fourth Amendment. See United States v. Roberson, 90 F.3d 75, 77 (3d Cir.1996).
II.
Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issue on appeal.
Nadal was charged in a three count indictment arising from the 2008 armed robbery of Embers Guest House (“Embers House”) in St. Thomas, Virgin Islands. Off-duty Officer Kelvin Venzen was in the vicinity of Embers House and heard a report over the radio regarding the armed *730 robbery. The report also indicated that shots were fired. He informed central dispatch of his location and pulled his car into the Clear View Apartment’s parking lot, which was located near Embers House, to observe vehicles and persons leaving the area from which the shots were fired. There, Officer Venzen, who was in plainclothes, observed an individual drive down the road from the direction of Embers House with the car’s headlights off, pull into the parking lot and push his seat into a reclining position. Officer Venzen then called for back-up. After back-up arrived, Officer Venzen and two uniformed officers approached the vehicle and ordered its occupants out. Nadal initially hesitated and did not get our of the car; in turn, one of the officers drew his weapon. Nadal then got out of his car and the officers patted him down, locating a firearm.
Nadal was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 14 V.I.C. § 2253(a). After holding a hearing, the District Court denied Nadal’s motion to suppress the gun. Nadal then entered a conditional plea of guilty, reserving his right to appeal the District Court’s denial of his motion to suppress. He was sentenced to 14 months imprisonment.
III.
Nadal challenges the District Court’s ruling denying his motion to suppress the gun on the grounds that the warrantless search and seizure violated the Fourth Amendment. See Appellant’s Br. at 4. While warrantless searches and seizures are generally, per se unreasonable under the Fourth Amendment, see United States v. Williams, 413 F.3d 347, 351 (3d Cir.2005), there are several exceptions to this rule. Investigatory searches and seizures can be justified if officers have “a reasonable, articulable suspicion that criminal activity may be afoot.” Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (citing Terry, 392 U.S. at 30, 88 S.Ct. 1868). Reasonable suspicion requires “ ‘some minimal level of objective justification’ for making the stop.” Alabama v. White, 496 U.S. 325, 329-30, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (quoting INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984)). “This is a lower hurdle than the probable cause necessary to obtain a search warrant, given the lesser infringement on an individual’s liberty. [Pjrobable cause means a fair probability that contraband or evidence of a crime will be found, and the level of suspicion required for a Terry stop is obviously less demanding than for probable cause. While the standards are different, both reasonable suspicion and probable cause require the Court to consider the totality of the circumstances.” United States v. Silveus, 542 F.3d 993, 999-1000 (3d Cir.2008) (internal citation and quotation omitted).
Nadal contends that the District Court should have suppressed the firearm because, under the totality of the circumstances, the officers did not have a reasonable suspicion that criminal activity was afoot, rendering the investigatory stop and frisk unconstitutional. This argument is unpersuasive. The District Court based its ruling on the furtive behavior Nadal engaged in just prior to the Terry stop and frisk. After hearing testimony, the District Court found that Nadal was observed by Officer Venzen driving from the area where the crime was committed with his headlights off. (App.80). Nadal then parked his car and reclined his chair so that he would not be readily visible to anyone looking inside the car. (App.80). This occurred at 10:30 pm, shortly after the armed robbery occurred. (App.80). Considering the totality of these circumstances, the District Court concluded that Nadal exhibited surreptitious behavior aimed at avoiding police detection. *731 (App.81). Next, the court also found it reasonable that one of the officers drew his weapon when he demanded that Nadal get out of the car because Nadal had already ignored the first command to exit the car and because the officers were responding to an armed robbery during which shots were fired. (App.81). Thus, under the totality of the circumstances, the District Court ruled the investigatory stop and frisk constitutional.
Nadal does not challenge the District Court’s factual findings per se. Rather, he contends that the factual findings do not do not raise the specter of criminal activity since parking a car at 10:30 pm and reclining in the car’s seat is not out of the ordinary. See Appellant’s Br. at 15. We cannot agree. The District Court credited Officer Venzen’s testimony that he observed Nadal driving from the crime scene with his headlights off and then enter a parking lot and recline in his chair, rendering himself hidden. These findings of fact were not clearly erroneous. Thus, under the totality of these circumstances, we cannot conclude that the District Court erred when it denied Nadal’s motion to suppress the firearm.
Finally, because he did not raise it before the District Court during the suppression hearing, Nadal waived his argument that the tip which led to the stop and frisk should be discounted because it lacked the hallmarks of reliability. See United States v. Rose, 538 F.3d 175, 176 (3d Cir.2008) (pursuant to Fed.R.Crim.P. 12 and absent good cause, a criminal defendant who fails to raise a reason to suppress evidence before the District Court waives the issue on appeal). Nadal does not offer any reason for his failure to raise this issue before the District Court. Therefore, the tip cannot serve as the basis for reversing the District Court’s ruling that the investigatory stop and frisk did not violate the Fourth Amendment.
IV.
For the foregoing reasons, we affirm the judgment of the District Court.