NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1780
_____

UNITED STATES OF AMERICA

v.

GEORGE THOMAS,
also known as GEORGE THOMAS EL

George Thomas,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-05-cr-00138-001
District Judge: The Honorable William H. Yohn

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2012

Before: SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed: January 13, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

George Thomas, proceeding pro se, appeals from the judgment of the United

States District Court for the Eastern District of Pennsylvania.  A grand jury

returned an indictment in March of 2005, charging Thomas with two counts of bank fraud in violation of 18 U.S.C. § 1344. On July 19, 2005, when Thomas failed to appear for trial, a bench warrant was issued for his arrest. A superseding indictment was returned in February of 2009, adding thirteen new charges: (1) one count of violating 18 U.S.C. § 371 by conspiring to commit an offense against the United States; (2) eleven counts of knowingly and unlawfully possessing, transferring, and using a means of identification of another person in violation of 18 U.S.C. §§ 1028A(a)(1), (c)(5), and aiding and abetting such conduct in violation of 18 U.S.C. § 2; and (3) one count of failing to appear for trial as required by the conditions of his release in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(A)(ii). Thomas waived his right to a jury trial. On November 17, 2009, the District Court found him guilty of each of the fifteen counts in the superseding indictment. At sentencing, the District Court imposed, *inter alia*, a sentence on each count, yielding a total term of imprisonment of 138 months.

Thomas, proceeding pro se, filed a timely notice of appeal.[1] The District Court granted a motion by defense counsel to withdraw. On appeal, we appointed new counsel to represent Thomas. Thereafter, Thomas moved to represent himself and filed a waiver of counsel. In light of Thomas's waiver of counsel, we granted his motion. At our direction, Thomas's discharged counsel mailed him transcripts

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

of the District Court proceedings. When Thomas failed to file a brief and appendix, we ordered him to show cause why his appeal should not be administratively closed and gave him fourteen days to file his brief and appendix. He complied in part with this order, filing only a pro se brief of five pages.

Thomas identified the District Court's sentence as the order being appealed. We review a District Court's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Thomas does not provide any basis for disturbing the District Court's sentence, which is within the guidelines range. Our review fails to reveal any basis for finding procedural or substantive error.

Thomas's pro se brief also alleged prosecutorial misconduct by presenting the testimony of one of his coconspirators, Kesimu Clark, "who received a benefit from their testimony in the form of a sentence reduction." Because Thomas has not demonstrated that this issue was preserved for appeal, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). "In order to demonstrate prosecutorial misconduct under a plain error standard, the review must reveal 'egregious error or a manifest miscarriage of justice.'" *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003) (citation omitted). We find neither an error nor a miscarriage of justice in presenting Clark's testimony. *See United States v. Hunte*, 193 F.3d 173, 174 (3d Cir. 1999) (acknowledging that the government may promise "leniency to cooperating witnesses in exchange for truthful testimony").

Thomas's pro se brief also asserted that a search of certain property was conducted without a warrant or consent. A review of the District Court docket fails to reveal that any motion to suppress was raised before trial. Accordingly, we conclude that Thomas waived any ground for suppressing evidence seized as a result of the search. Fed. R. Crim. P. 12(e); *United States v. Rose*, 538 F.3d 175, 184 (3d Cir. 2008) (concluding that Rule 12(e) "governs motions to suppress evidence raised for the first time on appeal").

Thomas took issue with the admission of evidence that was not "personally signed" and "sworn under penalty of perjury and legally notarized." We are not aware of any such requirement. Furthermore, Thomas failed to provide any citation to the record. We are, therefore, unable to address his argument that the evidence was inadmissible and we deem it waived. *See* Fed. R. App. P. 28(a)(7) and (9)(A).

Thomas also asserted that "since no 'mala in se' crime has been committed . . . [he] should be immediately released." In addition, he submitted that his appearance was induced by fraud. Without more, neither statement provides a ground for setting aside his convictions for § 371 conspiracy, identity theft, bank fraud, and failure to appear for trial.

We will affirm the judgment of the District Court.