NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3726
_____

UNITED STATES OF AMERICA

v.

JAMES WALKER,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. DE. No. 1-13-cr-00064-001)
U.S. District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 17, 2017

Before:  FISHER, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed:  January 26, 2017)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After a three-day trial, James Walker was convicted of possession of a firearm by a prohibited person and sentenced to 51 months' imprisonment followed by three years' supervised release. Arguing that the District Court erred in denying a motion to suppress and permitting the government to introduce two items of evidence, Walker appeals his sentence and final judgment. For the reasons that follow, we will affirm.

I.

On May 8, 2013, four men burglarized a gun store in Seaford, Delaware. Almost immediately, the burglars began selling the stolen firearms. By May 11, they were all apprehended by the Delaware State Police.

Working with the State Police, the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") interviewed one of the burglars, Devlyne King, who helped them identify Walker as a purchaser of the stolen firearms. Specifically, King informed the ATF that he sold twelve stolen firearms at a Delaware motel. When asked to single out the buyers, King selected Walker from a photographic array and identified the purchaser's vehicle as a Toyota Corolla with a Delaware license plate number 526526—a vehicle registered to Enterprise Leasing that had listed Walker as an authorized driver during the time of the gun sale.

Based on this information, the government applied for and received two search warrants. The first was a warrant to search Walker's residence and the search of his residence yielded several cell phones as well as $5,000 in cash and an Enterprise rental

2

car key chain. The second was a warrant to search the contents of the cell phones seized during the residential search and Walker's subsequent arrest. During the execution of the second warrant, agents found a picture of five of the stolen firearms.

On June 25, 2013, a federal grand jury charged Walker with two firearm-related felonies. Subsequently, Walker filed a motion to suppress all evidence obtained during the execution of the two search warrants on the basis that they were unconstitutionally overbroad. The District Court denied that motion, concluding that the residential search warrant was "not a general warrant" and finding that there was "no basis to suppress the seizure of the cellular telephones, the cash, and the car key tag" because Walker "d[id] not challenge the execution of the search warrant."[1]

On July 6, 2015, trial commenced on the charge of possession of a stolen firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). During the trial, the government introduced the $5,000 in cash that was seized from the Defendant's residence and the picture of the stolen firearms. In both cases, Walker objected and was overruled by the District Court.[2]

On July 8, 2015, the jury found Walker guilty of possession of a stolen firearm by a prohibited person, and on November 5, 2015, the District Court sentenced him and entered final judgment.[3] This timely appeal followed.

---

[1] App. 11a-12a.
[2] App. 161a-162a, 536a.
[3] App. 2a-7a.

## II.

The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review "the District Court's denial of a motion to suppress for clear error as to the underlying factual findings" and exercise "plenary review of the District Court's application of the law to those facts."[4] "We review a district court's decision to admit or exclude evidence for abuse of discretion, although our review is plenary as to the district court's interpretation of the Federal Rules of Evidence."[5] In conducting that review, "a trial court's ruling about the adequacy of a chain of custody is afforded great deference" and "may not be overturned absent a 'clear abuse of discretion.'"[6]

## III.

On appeal, Walker argues that we should overturn his verdict and order a new trial for three reasons. First, Walker contends that the District Court erred when it refused to suppress the cash and car tag that were seized at his residence. Second, Walker maintains that the District Court abused its discretion when it admitted the cash. Finally, Walker argues that the District Court abused its discretion in admitting the picture of the stolen guns. We will consider each argument in turn, and affirm for the reasons stated below.

---

[4] *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[5] *United States v. Riley*, 621 F.3d 312, 337 (3d Cir. 2010) (quoting *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 297 (3d Cir. 2007)).

[6] *United States v. Rawlins*, 606 F.3d 73, 83 (3d Cir. 2010) (quoting *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir. 1981)).

A.

Walker first argues that the District Court erred when it refused to suppress the cash and rental-car tag because they were not itemized on the search warrant, and because the plain view doctrine does not justify their seizure. Walker did not, however, raise this argument below—arguing instead that the warrant to search his home was unconstitutionally overbroad.[7] Whether or not there is merit to his argument on appeal, "[i]n our Court, suppression issues raised for the first time on appeal are waived absent good cause under Rule of Criminal Procedure 12."[8] Accordingly, because Walker "has not presented any colorable explanation why he failed to raise these suppression issues to the District Court,"[9] and because his pretrial suppression motion "d[id] not challenge the

---

[7] App. 9a-12a.
[8] *United States v. Rose*, 538 F.3d 175, 177 (3d Cir. 2008); *see id.* at 182 ("[O]ur holding applies not only where the defendant failed to file a suppression motion at all . . . but also where he filed one but did not include the issues raised on appeal.").
[9] *Id.* at 184.

execution of the search warrant,"[10] his argument is waived and we will therefore affirm

the District Court's denial of his motion to suppress.[11]

B.

Next, Walker argues that the District Court erred when it admitted evidence of the

$5,000 in cash that was seized from his residence. He maintains that it was not probative

of prior illegal gun purchases and presented a risk of unfair prejudice insofar as it might

have caused the jury to infer that he was engaged in cash drug sales. We disagree.

First, we cannot find that the District Court abused its discretion in concluding that

the $5,000 cash was probative evidence of Walker's guilt. As we have made clear, the

"sudden unexplained acquisition of wealth at or about the time of the offense charged"[12]

is "competent evidence of guilt"[13] when there is a "sufficient nexus" shown "between the

possession by the defendants" and "the [crimes] for which they were indicted."[14]

---

[10] App. 11a.

[11] While Walker did not waive his challenge that the residential search warrant was overbroad, he has not advanced that argument on appeal nor do we find it persuasive. While the warrant employs a broad catchall provision, it is limited to evidence of the specific crimes for which probable cause was established and is no broader than other warrants that we have upheld as constitutionally valid. *See, e.g.*, *United States v. Yusuf*, 461 F.3d 374, 396 (3d Cir. 2006) (rejecting argument that a "'catch-all' provision . . . authorizing the government to search for evidence of 'money laundering and *illegal activities*,' render[ed] the warrant unconstitutionally overbroad" where the context made clear that it was limited to evidence of the specific crimes for which probable cause was established).

[12] *United States v. Kenny*, 462 F.2d 1205, 1219 (3d Cir. 1972).

[13] *United States v. Chaney*, 446 F.2d 571, 575 (3d Cir. 1971) (quoting *United States v. Howell*, 240 F.2d 149, 158 (3d Cir. 1956)).

[14] *Kenny*, 462 F.2d at 1219.

Contrary to Walker's claims otherwise, because the owner of the burglarized gun store testified that the cash value of the stolen firearms pictured on Walker's phone was roughly $4,500,[15] an amount very similar to the $5,000 seized at his residence less than three weeks after the robbery, we are satisfied that there is a sufficient nexus in this case for the cash to be probative of his involvement in the purchase, possession, and resale of stolen firearms.

Second, while Federal Rule of Evidence 403 states that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice," we cannot find the District Court abused its discretion in concluding that the relevance of this evidence was not "substantially outweighed" by "unfair prejudice." While Walker mentions a danger of unfair prejudice, he makes no argument that this prejudice "substantially outweighed" the evidence's probative value. Nor can we find that any risk of prejudice in this case rises to the level of the "unfair prejudice" that is proscribed by Rule 403. Whether or not the cash might have caused the jury to believe that he was selling drugs, as we have explained, because "[v]irtually all evidence is prejudicial or it isn't material,"[16] and because Rule 403 only protects against prejudice that is "unfair," the "prejudice against which the law guards" is only "prejudice of the

---

[15] App. 124a.
[16] *Carter v. Hewitt*, 617 F.2d 961, 972 n.14 (3d Cir. 1980) (quoting *Dollar v. Long Mfg. Co.*, 561 F.2d 613, 618 (5th Cir. 1977)).

sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found."[17]

## C.

Finally, Walker argues that the District Court erred in allowing the government to introduce the extracted photograph of the guns because the government did not prove a chain of custody from the date that it was received until the date of the extraction. "To establish a chain of custody sufficient to make evidence admissible," we have explained that the prosecution need only "offer sufficient evidence from which the trier of fact could reasonably believe that an item still is what the government claims it to be."[18] We have also noted that, "[a]bsent actual evidence of tampering, a trial court may presume regularity in public officials' handling of contraband."[19]

Here, we conclude that the District Court did not abuse its discretion in admitting the photo because we do not think that any breaks or discrepancies in the chain of custody were serious enough to "render [the] chain of custody so deficient that exclusion is required."[20] Given the government's testimony regarding the chain of custody and given that its forensic expert, Robert Moses, explained how he verified the copy of the extracted photograph by measuring its mathematical fingerprint, there was more than

---

[17] *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002) (brackets and citation omitted).

[18] *Rawlins*, 606 F.3d at 82 (brackets and internal quotation marks omitted).

[19] *United States v. Dent*, 149 F.3d 180, 188 (3d Cir. 1998).

[20] *Rawlins*, 606 F.3d at 82.

8

sufficient evidence from which a jury could find that the photograph is what the government claimed it is. Likewise, while Walker presented an expert witness, Louis Cinquanto, who opined that the phone was modified during its time in government custody before the photograph was extracted, Cinquanto's testimony was insufficient to establish any actual evidence of tampering. Indeed, Cinquanto conceded that he never examined the phone, did not know how it was modified, and could not assert that the photograph of the guns was placed on the phone by a third party.[21]

## IV.

For the reasons set forth above, we will affirm.

---

[21] App. 488a, 497a-499a.