**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4761
_____

UNITED STATES OF AMERICA

v.

MICHAEL F. DURANTE,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-11-cr-00277-1)
District Judge:  Hon. Stanley R. Chesler

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2015

Before:  FISHER, CHAGARES, and COWEN, Circuit Judges.

(Filed: June 3, 2015)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

Defendant Michael F. Durante appeals his conviction on a number of grounds.

For the reasons that follow, we will affirm.

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. Durante was a physician with a practice in Nutley, New Jersey. In December 2011, Durante was charged by Superseding Indictment with conspiracy to distribute oxycodone and distribution of oxycodone. Durante moved to suppress evidence and to obtain certain information prior to trial. The District Court held an evidentiary hearing limited to the search of a safe found in Durante's basement and Durante's post-arrest statements. The District Court ultimately denied all of Durante's motions. In May 2013, Durante was convicted by a jury on the count of conspiracy and on fifteen counts of distribution.

Durante timely appealed.

II.[1]

Durante first alleges that the District Court erred in failing to dismiss the Superseding Indictment or declare a mistrial when some of the drug prescriptions that were conditionally admitted were struck after the Government failed to establish their relevance. The District Court admitted 1288 drug prescriptions during the course of the trial and told the jury that they would only be able to consider the prescriptions as evidence if the Government offered additional evidence to establish the prescriptions' relevance to the alleged scheme. The Court later struck 477 of these prescriptions admitted during trial and 23 of these 477 were actually shown to the jury. We review a

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We note the applicable standards of review with regard to each claim below.

District Court's evidentiary rulings for an abuse of discretion. United States v. Smith, 725 F.3d 340, 344–45 (3d Cir. 2013) (citing United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010)). After striking 477 of the prescriptions, the District Court denied Durante's motion for a mistrial and instead determined that a curative instruction would be sufficient to cure any harm, as most of the prescriptions displayed to the jury were not struck, and the inadmissible prescriptions the jury had seen were viewed as a part of a large stack, making it unlikely they would have "focused on any particular prescription." Supplemental Appendix ("Supp. App.") 521. Given this context, the District Court did not abuse its discretion in addressing the struck prescriptions with a curative instruction instead of dismissing the Superseding Indictment or declaring a mistrial.

Durante next asserts that the District Court erred in both denying his motions to suppress the fruits of the searches of his home and office and in denying his request for a hearing on those motions. We review the denial of a motion to suppress for clear error as to the facts that the District Court found and exercise plenary review over the application of law to those facts. United States v. Davis, 726 F.3d 434, 439 (3d Cir. 2013). We review the decision on whether to grant an evidentiary hearing for abuse of discretion. United States v. Hines, 628 F.3d 101, 104 (3d Cir. 2010).

The Government justifies the search of Durante's home based on the consent to search given by Durante's wife. Durante's wife gave oral consent and signed a three-line consent-to-search form. Durante asserts that his wife did not voluntarily consent to the search, but he provides no basis for this assertion beyond her general statement that she did not understand the form. It was not clear error for the District Court to determine that

3

the consent given by Durante's wife was voluntary and thus justified the search of the home. Further, because Durante offered no clear basis for his assertion that his wife's consent was not voluntary, the District Court did not abuse its discretion in denying Durante's request for a hearing on this issue.

Next, Durante challenged the search of the safe in the basement of the home. He requested and was given a hearing on this issue. Durante consented to the search of the safe, but argues that this consent was not given voluntarily because one of the agents implied it could harm Durante in the future if he refused to consent. It was not clear error for the District Court to determine Durante's consent was voluntary under the totality of the circumstances. Thus, the District Court did not err in denying Durante's motion to suppress the fruits of the search of the safe.

Durante challenges the District Court's denial of his motion to suppress the fruits of the search of his office on the grounds that the agents did not have a complete copy of the search warrant during the search and did not leave behind complete copies of the warrant. He also challenges the District Court's denial of his request for a hearing on these issues. It was not an abuse of discretion for the District Court to deny Durante's request for a hearing on this issue given the agent's uncontradicted affidavit that he possessed a complete search warrant during the search. It was also not clear error for the District Court to determine that the agents did indeed possess a complete copy of the search warrant. Additionally, the District Court did not err in determining that the failure to leave a complete copy of the search warrant that included all applicable attachments was a ministerial violation of Federal Rule of Criminal Procedure 41, not a constitutional

4

violation.  Thus, the District Court did not err in declining to suppress the fruits of the office search on that basis.

Durante further claims that the District Court erred in limiting the inquiry at the evidentiary hearing to the timing of when he received warnings under Miranda v. Arizona, 384 U.S. 436 (1966), because he should have also been permitted to explore whether the search of his home, the "lapse of time" between the warnings and his post-search confession, and his reference to his attorney "collectively" rendered his confession involuntary.  Durante Br. 36–37.  However, there is no indication that Durante was foreclosed from addressing these issues at the hearing, and he failed to do so.  "'[A] suppression argument raised for the first time on appeal is waived . . . absent good cause.'"  See United States v. Joseph, 730 F.3d 336, 338 (3d Cir. 2013) (quoting United States v. Rose, 538 F.3d 175, 182 (3d Cir. 2008)).  Durante failed to assert this argument below and has not demonstrated good cause for that failure.  He has waived the claim.

Durante also challenges the District Court's refusal to dismiss the Superseding Indictment for failure to allege unlawful drug distribution by a doctor.  This was not error under our decision in United States v. Polan, in which we rejected a physician's claim that his indictment for conspiracy to distribute and distribution of oxycodone was flawed because it failed to specify that the physician lacked a legitimate medical reason for writing the prescriptions at issue.  970 F.2d 1280, 1282 (3d Cir. 1992).  While an indictment must charge every essential element of an offense, it need not negate any exceptions to that offense.  Id. (citing McKelvey v. United States, 260 U.S. 353, 357

5

(1922)).  Similarly, the Superseding Indictment was not flawed for its failure to specify that Durante's alleged drug distribution was illegal.

Finally, Durante asserts that the District Court erred by refusing to either dismiss the charges or grant a mistrial based on the cumulative effect of the Government's "pervasive misconduct."  We review the District Court's rulings on claims of prosecutorial misconduct for abuse of discretion where a defendant asserted contemporaneous objections and for plain error when the defendant did not do so.  United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003).  The alleged misconduct included improper arguments to the jury, late disclosures of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and spoliated or altered evidence.

While the District Court determined that the Government had committed a number of errors before and during Durante's trial, it concluded that these errors were insufficient to warrant the dismissal of the Superseding Indictment or granting a mistrial.  For example, while the District Court agreed that it was error for the Government to refer to oxycodone as "synthetic heroin," the District Court opted to address this error by issuing a limiting instruction.  The District Court found that, while some evidence was destroyed in the case, the Government had not intentionally destroyed this evidence.  Further, the District Court concluded that all Brady material was produced before or during trial, such that Durante had sufficient time to make use of it.  As a result, the District Court found that a mistrial was not warranted.  Durante alleges that the cumulative effect of these errors warrants a dismissal or mistrial, but the District Court did not abuse its discretion or, when applicable, commit plain error in finding otherwise.

6

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.