NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2871

_____

UNITED STATES OF AMERICA

v.

MICHAEL F. DURANTE,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-11-cr-00277-001)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 6, 2017

Before:  CHAGARES, SCIRICA and FISHER, *Circuit Judges*.

(Filed: May 9, 2017)

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

A jury convicted Michael Durante of one count of conspiracy to distribute

oxycodone and fifteen counts of distribution of oxycodone. In this appeal, Durante

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

challenges the District Court's denial of his motion for a new trial under Federal Rule of Criminal Procedure 33 based on an alleged violation of *Brady v. Maryland*.[1] For the reasons stated below, we will affirm.

## I.

Durante was a physician with a practice in New Jersey. A federal sting operation revealed that he had been illegally selling prescriptions for oxycodone to two drug-distribution networks: one run by codefendant Andre Domando, and one by codefendant Dennis Abato. After Durante's arrest, Abato cooperated with the Government. During his proffer sessions, Abato told the prosecutor that a third party altered ("washed") Durante's prescriptions when necessary, and he produced a prescription from Durante dated four days after Durante's arrest. After determining that the prescription was not actually written by Durante, the prosecutor emailed Durante's counsel a copy of the prescription, noted that it appeared to be altered, and invited counsel to review the original.

At trial, the prescription from Abato's proffer session was admitted into evidence. Neither the Government nor Durante called Abato as a witness. The Government did, however, call Abato's son Jeffrey. On direct examination, Jeffrey recognized Durante's handwriting on multiple prescriptions. On cross-examination, defense counsel questioned Jeffrey about the prescription from Abato's proffer session. Jeffrey testified that the handwriting on the prescription "appear[ed] to have some of [his] father's

---

[1] 373 U.S. 83 (1963).

characteristics."[2] Ultimately, the jury found Durante guilty. Durante unsuccessfully appealed his conviction.[3]

Abato pleaded guilty to one count of conspiracy to distribute oxycodone. Prior to his sentencing, the Government submitted a U.S.S.G. § 5K1.1 letter to reflect Abato's cooperation in Durante's prosecution. At Abato's sentencing hearing, the prosecutor discussed the submission and stated:

> [O]ne of the things that we detail is the fact that [Abato] told us that he had these prescriptions and he received them on the roadside from Durante after his arrest. And that [disclosure] was about a year after the arrest. And what it appears he was doing was covering up the fact that, presumably because of his addiction or other reasons, he had washed prescriptions and changed ordinary prescriptions and submitted them to pharmacies about a year earlier.
>
> So, in the next session he presented us with one of these prescriptions that he had done a poor job of washing and apparently that's why it was never presented to a pharmacy as kind of evidence of, you know, what he was doing.[4]

The court then asked the prosecutor to clarify that Abato "wasn't telling [the prosecutor] this was a washed prescription. He was telling [the prosecutor] this was a prescription which, in fact, Dr. Durante issued to [Abato] for the narcotic," to which the prosecutor responded, "Yes. . . . You only needed to look at it for a

---

[2] Suppl. App. 148:70.
[3] *United States v. Durante*, 612 F. App'x 129 (3d Cir. 2015).
[4] Suppl. App. 174-75.

3

minute and then you could clearly see it, as the defense counsel effectively displayed [to] the jury that it had been washed."[5]

Arguing that the prosecutor's statements at Abato's sentencing hearing showed that the Government violated *Brady* by withholding "evidence that Abato had admitted forging prescriptions and filling those forgeries," Durante moved for a new trial under Rule 33.[6] The District Court held a Rule 33 hearing and ultimately denied the motion. The court determined that no *Brady* evidence had been suppressed and that the alleged nondisclosure was immaterial to Durante's guilt.

## II.

The District Court had jurisdiction under 28 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. When a Rule 33 motion for a new trial is based on a *Brady* claim, we review questions of law *de novo* and questions of fact for clear error.[7]

## III.

Rule 33 states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."[8] In order to show that the interest of justice requires a new trial under *Brady*, Durante must show that "(1) evidence was suppressed; (2) the

---

[5] Suppl. App. 175-76.
[6] App. 33.
[7] *United States v. Pelullo*, 399 F.3d 197, 202 (3d Cir. 2005).
[8] Fed. R. Crim. P. 33(a).

suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment."[9]

Durante's claim fails on the first prong. He has not shown that evidence was suppressed under *Brady*. The prosecutor prefaced his statements at Abato's sentencing hearing by saying, "what it *appears* [Abato] was doing was covering up the fact that" he altered prescriptions.[10] And at the Rule 33 hearing, the prosecutor testified that at the time of trial, the Government had "no information as to whether Dennis Abato truly was involved in washing prescriptions. He always denied it. His son implicated him but he denied it."[11] The prosecutor's testimony is plausible because had Abato admitted to altering or filling altered prescriptions, he would not have needed to cover up that fact.

Moreover, the record is devoid of support for Durante's claim that the prosecutor's statements at Abato's sentencing hearing were based on evidence that was not disclosed to Durante's counsel. At the Rule 33 hearing, Durante conceded that the Government made multiple pretrial disclosures related to the substance of Abato's proffer sessions and, specifically, of washed prescriptions pertaining to Abato. It is plausible that the prosecutor questioned the veracity of Abato's claimed innocence based on Abato's inconsistent disclosures regarding his role in the conspiracy and his counsel's concession that Abato was still using narcotics when he began cooperating with the government.

---

[9] *Pelullo*, 399 F.3d at 209.
[10] Suppl. App. 148:70 (emphasis added).
[11] App. 69:10.

Finally, not only did the prosecutor disclose his suspicion that the prescription that Abato produced in the proffer session was altered, but, Abato's son also testified that the handwriting on that prescription bore similar characteristics to his father's handwriting. The District Court's determination that no evidence was suppressed under *Brady* was based on testimony that is "coherent and plausible, not internally inconsistent and not contradicted by external evidence."[12]

As we find that no evidence was suppressed under *Brady*, we need not reach Durante's challenge to the District Court's determination that the alleged nondisclosure was immaterial to Durante's guilt.[13] Because Durante fails to establish a claim under *Brady*, he fails to show that the District Court erred in denying his Rule 33 motion for a new trial.

IV.

For the reasons set forth above, we will affirm.

---

[12] *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997).
[13] *See Pelullo*, 399 F.3d at 210.