

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# USA v. Andrews

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Andrews" (2007). *2007 Decisions*. Paper 1104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  05-5477
_____

UNITED STATES OF AMERICA

v.

ERIC ANDREWS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00280-2)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2007

Before:   RENDELL, JORDAN and ALDISERT, *Circuit Judges*

(Filed May 16, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Eric Andrews appeals from his conviction of one count of conspiracy to commit

Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); thirteen counts of Hobbs Act

robbery and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1951(a)(1); and

thirteen counts of carrying and using a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c). He asserts that the District Court erred in denying his motion to suppress statements that he gave to law enforcement agents. He contends that these statements were involuntary because he gave them while he was under the influence of both Xanax and marijuana. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we will affirm.

## I.

From January 10, 2005, to February 9, 2005, Andrews, with three other men, committed a series of armed robberies in Philadelphia, Pennsylvania.[1] Andrews testified that on February 9, 2005, he had been smoking marijuana all day and, around 9:30 p.m., he took four Xanax pills of unknown dosage. At approximately midnight on February 10, 2005, the police arrested him.

Shortly after the arrest, the police took Andrews to a holding cell at the police station where he fell asleep. At about 1:30 p.m. on February 10, 2005, some sixteen hours after ingesting Xanax and at least thirteen hours after his last opportunity to smoke marijuana, Detectives Fetters and Boyd escorted Andrews from the holding cell to Detective Fetters's desk. Andrews sat beside the desk with one hand cuffed to a chair. Detective Fetters explained to him the robbery charges pending against him, that the

---

[1] Not all of these men participated in all of these robberies during this time period.

2

police suspected that he had committed several other robberies, and that one of the other defendants was already cooperating. Detective Fetters asked him if he wanted to give a statement, and he responded that he would. Andrews did not inform the detectives that he was under the influence of drugs at any time during the interview.

Detective Fetters read to Andrews the *Miranda* warnings and provided him with a written copy of those warnings. Detective Fetters asked him to read a portion of the *Miranda* warnings aloud to assure the detectives that he could read. Andrews signed the first page of the warnings, then wrote his initials after each warning on the second page and signed at the bottom. He then provided a statement, admitting that he participated in several robberies in North Philadelphia while using a firearm. He supplied the detectives with many details concerning his participation in the robberies.

Detective Fetters testified that individuals he had previously encountered who were under the influence of both marijuana and Xanax exhibited symptoms of glassy eyes, slurred speech, drowsiness, and slow comprehension. Andrews, however, did not exhibit such symptoms. During the interview, Andrews appeared alert and lucid, he spoke clearly, and he answered questions directly.

At approximately 3:00 p.m., the detectives gave Andrews a break, provided him with a cheesesteak sandwich and a bottle of water, and allowed him to use the bathroom. The interview resumed at 4:30 p.m. and ended at approximately 8:10 p.m.

Detective Fetters further testified that, during the interview, the demeanor of Andrews did not change, the detectives' tone never exceeded that of a conversation, and

3

no one hit, punched, kicked, or touched the defendant in any way. Andrews admitted that neither Xanax nor marijuana affected his memory, and, at the time of the interview, he wasn't "messed up in the head at the time" or "deep into the high; " rather, he was "coming up off the drugs." At no point during the interview did Andrews inform the detectives that he was tired or that he wanted to stop the interview.

On August 11, 2005, Andrews filed a motion to suppress the statements he made to the detectives. On September 26, 2005, the District Court denied that motion, concluding that Andrews made an intelligent, knowing, and voluntary waiver of his *Miranda* rights.

II.

We review the District Court's denial of a motion to suppress evidence for clear error as to the underlying factual findings, and we exercise plenary review of the District Court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citing *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998)).

The Fifth Amendment of the U.S. Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend V. Only confessions that are voluntary may be admitted into evidence at a criminal trial, and the government has the burden of proving by a preponderance of the evidence that a confession was voluntarily given. *United States v. Swint*, 15 F.3d 286, 288-89 (3d Cir. 1994). A confession is voluntary when it is the "'product of an essentially free and unconstrained choice by its maker,' that it was 'the product of a rational intellect and a

4

free will,' and that the appellant's will was not 'overborne.'" *Id*. at 289 (citing *United States ex rel. Hayward v. Johnson*, 508 F.2d 322, 326 (3d Cir. 1975)). To determine whether a confession is voluntary, we are required to examine the totality of the circumstances, including any coercion, the length of the interrogation, the location of the interrogation, its continuity, the maturity of the defendant, his level of education, his physical condition, and his mental health. *Id.* at 289. The crucial factor, however, is whether there was police coercion. *Id. See also Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding that "coercive police activity is a necessary predicate to the finding that a confession is not voluntary").

We agree with the District Court that the government satisfied its burden to show that Andrews's statements were voluntary. His free will was not overborne by the police. Detective Fetters read to Andrews the *Miranda* warnings and provided him with a written copy. Andrews read some of those warnings aloud and put his initials after each warning. He sat calmly next to the detectives with one hand cuffed to his chair. The detectives did not yell, hit, kick, or touch Andrews during the interview. He was given an adequate break during the interview, was given something to eat and drink, and was permitted to use the bathroom.

Nor is there any evidence that Andrews's will was overborne because he had been smoking marijuana or ingesting Xanax more than thirteen hours prior to his confession. Andrews admitted that Xanax and marijuana did not affect his memory and that he was no longer "deep into the high," but was "coming up off the drugs." Detective Fetters

5

testified that Andrews did not exhibit any of the symptoms of someone who was under the influence of marijuana and Xanax.  Rather, he found Andrews to be alert and lucid. Andrews spoke clearly, answered the questions directly, and provided specific details regarding his participation in the armed robberies.[2]

In short, there is no indication that, under the totality of the circumstances, Andrews's statements were made involuntarily.

III.

Accordingly, we will affirm the judgment of the District Court.

---

[2] Our review of these facts does not imply a conclusion that self-induced intoxication can make a confession "involuntary," within the meaning of the Fifth Amendment.  That is an issue we need not reach in this case.