**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-1730

———————

UNITED STATES OF AMERICA

v.

SCOTT LANE a/k/a NYC Perv,
a/k/a John Doe-2,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-16-cr-00082-003)
District Judge: Honorable Yvette Kane

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on October 21, 2022

Before: GREENAWAY, JR., MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: April 11, 2023)

———————

OPINION[*]

———————

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Scott Lane contends in this appeal that the District Court erred in denying his motion to suppress evidence obtained during an interrogation. He asserts that the evidence should have been suppressed because law enforcement violated his *Miranda* rights by continuing to question him after he invoked his rights. However, the *Miranda* challenge that he raised in the District Court was a different one: that he never received a *Miranda* warning before questioning began. Because Lane failed to raise the argument of continuing questioning after invocation of his *Miranda* rights in the District Court, he waived that ground for appeal. Thus, we will affirm the judgment of the District Court.

## I.

During a videoconference, Lane and several other individuals watched one member of the videoconference call sexually abuse a six-year-old boy. After tracking his IP address, law enforcement found Lane. They went to his studio apartment, were granted entry by Lane's roommate, and woke Lane.[1]

Special Agent Krause then read Lane his *Miranda* rights. Krause handed him a waiver form and gave him a moment to read it to himself. Krause asked Lane if he would be willing to waive his rights and talk to him and the other agents. Lane agreed. Krause then began questioning Lane.[2] Lane did not feel comfortable answering certain questions "without someone present," as he was concerned about legal implications.[3] Still, the

---

[1] 2Appx. 8–11.
[2] There were other law enforcement officials present at his questioning, but Krause did the majority of the questioning.
[3] 2Appx. 59.

questioning continued until Lane said that he "didn't want to speak any further about what he saw because he didn't know the law." He then asked for an attorney.[4] At that point, questioning ceased.

Lane later moved to suppress the statement he gave to law enforcement. In his motion to suppress, Lane asserted that his Fifth and Sixth Amendment rights were violated. Lane first stated that he was subject to a custodial interrogation absent *Miranda* warnings. Lane then stated that his Sixth Amendment rights were violated because he was questioned post-indictment with no lawyer present.

The District Court held a suppression hearing on Lane's motion. At the suppression hearing, Krause testified that he read Lane his *Miranda* rights from a *Miranda* waiver, gave the *Miranda* waiver to Lane, and then provided Lane with an opportunity to read it to himself. Lane's own testimony confirms that he did sign the form. Krause also testified that no agent informed Lane that he was under investigation.

The District Court denied Lane's motion. The court found that Lane's initials and signature on the *Miranda* waiver contradicted his argument that he had never received his warnings in the first instance.[5] Moreover, because the *Miranda* warnings were proper, the court found Lane's statements to law enforcement to be voluntary.[6] The court also found

---

[4] 2Appx.18.
[5] Appx. 28.
[6] 1Appx. 29 (citing *United States v. Andrews*, 231 F. App'x 174, 176-77 (3d. Cir. 2007) for the proposition that "defendant's statements [are] voluntary when police advised defendant of his *Miranda* rights, gave defendant a written copy of the *Miranda* warnings, and prompted defendant to read portions of the warnings aloud and write his initials after each warning").

that Lane's Sixth Amendment rights were not violated at that time because, despite his indictment, "the validly-executed waiver of his *Miranda* rights constituted a knowing and intelligent waiver of his Sixth Amendment right to counsel."[7]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 because Lane violated a federal statute. We have appellate jurisdiction under 28 U.S.C. § 1291.

## III.

"It is axiomatic that a party who fails to object to errors or to raise issues at trial waives the right to complain on appeal."[8] At the same time, "for parties to preserve an argument for appeal, they must have raised the same *argument* in the District Court—merely raising an *issue* that encompasses the appellate argument is not enough. Consequently, the degree of particularity required to preserve an argument is exacting."[9] "[A]bsent exceptional circumstances, issues not raised before the district court are waived on appeal."[10] Thus, "a suppression argument raised for the first time on appeal is waived (i.e., completely barred) absent good cause."[11]

---

[7] 1Appx. 30 (citing *United States v. Charria*, 919 F.2d 842, 848 (2d Cir. 1990)).

[8] *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992).

[9] *United States v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013) (cleaned up).

[10] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) (citing *Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991)).

[11] *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008). "This rule applies not only when defendants altogether fail to raise any suppression arguments in the District Court, but also when defendants fail to raise particular arguments later advanced on appeal." *Joseph*, 730 F.3d at 338 (citing *Rose*, 538 F.3d at 182).

Our ruling in *United States v. Joseph*[12] is instructive. In that case, we found that, "[a] legal challenge that presents multiple avenues for granting relief is a broad issue. But if the legal challenge presents a single point of contention, which may not be recast or reframed to address a conceptually distinct contention, then what has been advanced is an argument."[13] This distinction between an issue and an argument is crucial because "raising an issue in the District Court is insufficient to preserve for appeal all arguments bearing on that issue. Instead, to preserve a suppression argument, a party must make the same argument in the District Court that he makes on appeal."[14]

The issue here is the same in both the District Court and before us – violation of *Miranda* rights. However, the arguments that Lane preserved are substantively different from the argument that he raises to this Court. In the District Court, Lane claimed that his Fifth and Sixth Amendment rights were violated because he was not properly *Mirandized*. The argument for the violation of his Fifth Amendment rights was that he never received his *Miranda* warnings despite being subject to a custodial interrogation. The argument he presented for the violation of his Sixth Amendment rights was that he should not have been subject to a purportedly custodial interrogation after being indicted.

According to his opening brief, the issue that Lane raises on appeal is "whether the district court erred in denying the motion to suppress evidence where law enforcement continued to interrogated [sic] appellant while in custodial detention, after he evoked [sic]

---

[12] *Joseph*, 730 F.3d at 338.
[13] *Id.* at 342.
[14] *Id.* at 341.

his right to counsel, in violation of his fifth amendment rights."[15] This is a substantively different argument. The arguments in the District Court presumed that Lane did not receive his *Miranda* warnings in the first instance. Yet the argument that Lane presents here is that he did receive his *Miranda* warnings, but law enforcement violated them when agents continued to question him after he asked for counsel.

Lane contends that his "ability to seek review" was preserved when the District Court accepted his plea agreement. More particularly, the plea agreement itself states that Lane's plea was conditional and did in fact "[reserve] the right on appeal to review the adverse determinations made by the District Court regarding the pretrial motions [that he] filed."[16] Indeed, Lane did preserve the arguments that he made to the District Court. However, those are not the argument before us.[17]

Accordingly, because Lane's contention that questioning continued after he invoked his *Miranda* rights was not presented to the District Court, it is waived.

**IV.**

---

[15] Opening Br. at 2.

[16] *Id.* at 10.

[17] Even if we were to entertain Lane's argument, we would still conclude that his statements were voluntary. A confession is voluntary when it is "'the product of an essentially free and unconstrained choice by its maker,' that it was 'the product of a rational intellect and a free will,' and that the appellant's will was not 'overborne.'" *United States v. Swint*, 15 F.3d 286, 289 (3d Cir. 1994) (quoting *United States ex rel. Hayward v. Johnson*, 508 F.2d 322, 326 (3d Cir. 1975)). Additionally, there is no requirement that the investigator advise an interrogee that he is a suspect in order for his *Miranda* waiver to be knowing, intelligent, and voluntary. *See United States v. Velasquez,* 885 F.2d 1076, 1086 (3d Cir. 1989) ("In analyzing the totality of the circumstances, we must look at the facts of the particular case, including the background, experience, and conduct of the suspect.").

For the above stated reasons, we will affirm the judgment of the District Court.